IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

RICHARD ENCINIAS,,

        Plaintiff,

v.	No. CIV 10-541 BB/WDS

OFFICER MARTIN SALAZAR, an officer of
the Las Vegas, New Mexico Police Department,
individually and in his official capacity, and
BENJAMIN BENCOMO, a private individual,

        Defendants.

MEMORANDUM OPINION
ON BENCOMO'S MOTION TO DISMISS

THIS MATTER is before the Court on the *Motion of Defendant Benjamin Bencomo [doc. 8] to Dismiss* the complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Having considered all submissions of counsel, the Court finds the motion should be Granted as to Plaintiff's claim for procurement of arrest and Denied as to malicious prosecution and punitive damages.

*Legal Standard*

On a 12(b)(6) motion to dismiss, this Court's task is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish ... entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "[A]ll well-pleaded allegations ... [must be

accepted and construed in] the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks & citation omitted). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell-Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These standards require that a complaint set forth "more than labels and conclusions" or "formulate recitation[s] of the elements." *Id.* at 555.

## *Factual Background*

Plaintiff's complaint alleges that Defendant Salazar is employed by the Las Vegas Police Department, an agency of the City of Las Vegas. Plaintiff further alleges that "Defendant Bencomo is a private individual who at all times material to this action acted in concert and collaboration with Defendant Salazar, who acted under color of state law as a police officer of the State of New Mexico." (Compl. ¶ 6). Plaintiff further alleges Bencomo made a report to Salazar containing "false and unreasonable" allegations of felonious assault by Plaintiff. (Compl. ¶¶ 25, 31, 33). Plaintiff claims Salazar then filed a false affidavit in filing false criminal charges on which Plaintiff was arrested and held for over one month. (Compl. ¶¶ 21, 37, 38). This was allegedly done because Plaintiff's ex-girlfriend, Michelle Montoya, is Bencomo's present girlfriend and Salazar was spurned by Plaintiff's sister. (Compl. ¶¶ 9, 16).

*Procurement of Arrest*

Bencomo's counsel argues that no recognized cause of action exists for "procurement of arrest and the Complaint cites to no state or federal statute or common law that can support such a cause of action against private citizens." (Mot. Dism. p. 2). While a few jurisdictions have loosely recognized a similar cause of action,[1] Plaintiff's counsel has cited no New Mexico or federal authority which would persuade this Court to recognize such a cause of action.

*Malicious Prosecution under 42 U.S.C. § 1983*

Defense counsel posits that

Plaintiff's second cause of action should be dismissed for three independent reasons: (1) Plaintiff fails to set forth how Defendant, as a private individual, acted under the color of law, a requirement for success under this cause of action; (2) Plaintiff's Complaint fails to assert facts sufficient to demonstrate a conspiracy between Defendant and Defendant Salazar, which is required to meet the elements of this cause of action; and (3) Plaintiff fails to overcome Defendant's immunity as a law witness, who testified at the hearing for Order to Show Cause.

(Mot. Dism. p. 2).

While 42 U.S.C. § 1983 was designed to prohibit state action, it may also apply to private action taken under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Plaintiff's complaint does not allege a conspiracy as in *Dixon* but Defendant is incorrect that this

---

[1] *See, e.g., Jensen v. Barnett*, 134 N.W.2d 53 (Neb. 1965); *Wilson v. Eberle*, 15 Alaska 260 (D. Alaska Terr. 1954).

is the only avenue for involving a private party in state action.  A private citizen can be liable under § 1983 if he was a "wilful participant in joint action with the State or its agents."  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Coleman v. Turpen*, 697 F.2d 1341 (10th Cir. 1982).  However, as a general proposition, merely reporting a suspected crime is insufficient to implicate a private citizen in any subsequent state action.  *Jones v. Wal-Mart Stores, Inc.*, 33 F.3d 62 (10th Cir. 1994) (unpublished); *Lee v. Town of Estes Park*, 820 F.2d 1112 (10th Cir. 1987).  And this may be true even if the information supplied is false.  *Lane v. Johnson*, 385 F. Supp. 2d 1146 (D. Kan. 2005); *Marotta v. Cortez*, 2009 WL 5491622 (D. Colo. 2009).  If the police act in accordance with a preconceived plan to arrest the plaintiff without investigation merely because he was designated for arrest by the private party, however, the latter may be liable under § 1983.  *Lusby v. T.G.&Y. Stores, Inc.*, 749 F.2d 1423, 1430 (10th Cir. 1984), *judgment vacated other grounds*, 474 U.S. 805 (1985); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996).  To assert such a claim against a private actor, there must be a substantial degree of cooperative action between state and private actors. *Anaya v. Crossroads Managed Care Sys., Inc.*, 195 F.3d 584 (10th Cir. 1999); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1454 (10th Cir. 1995). Although Plaintiff will have to prove substantially more than the conclusory associations between Bencomo and Salazar, at the pleadings stage, this is sufficient to satisfy FEDERAL RULE

OF CIVIL PROCEDURE 12(b)(6).  *See Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006); *Collopy v. City of Hobbs*, 27 Fed. Appx. 980 (10th Cir. 2001).

*Punitive Damages*

Defendant argues Plaintiff's claim for punitive damages should be dismissed because (1) the foundational claims of procurement of arrest and malicious prosecution under § 1983 should be dismissed.  The Court agrees on the procurement of arrest but, for the present, not on the § 1983 claim.  Punitive damages may be awarded for violations of 42 U.S.C. § 1983 when aggravating circumstances are found.  *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003).  While Plaintiff's complaint could certainly illuminate the ties between the acts and omissions of Defendants and why they are "willful, wanton, inter..., malicious and committed with the intent to cause havoc," for the present the allegations of Bencomo's "sworn affidavit falsely alleging that Plaintiff had committed acts constituting Aggravated Assault with a Deadly Weapon" are sufficient.  (Compl. ¶¶ 19, 4); *Thomas v. Luzerne County Correctional Facility*, 310 F. Supp. 2d 718, 722 (M.D. Pa. 2004).

## CONCLUSION

For the above stated reasons, Bencomo's Motion to Dismiss should be GRANTED as to Plaintiff's claim for procurement of arrest and DENIED as to malicious prosecution and punitive damages.

_____
**BRUCE D. BLACK**
**Chief Judge**

5