IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD ENCINIAS,

    Plaintiff,

v.                                                Civ. No. 10-541 BB/WDS

OFFICER MARTIN SALAZAR, an
Officer of the Las Vegas, New Mexico
Police Department, Individually and in
his official capacity; and BENJAMIN
BENCOMO, a private individual,

    Defendants.

BENJAMIN BENCOMO,

    Counterclaim-Plaintiff,

v.

RICHARD ENCINIAS,

    Counterclaim-Defendant.

MEMORANDUM OPINION DENYING DISMISSAL OF COUNTERCLAIM

Before the Court is Counterclaim-Defendant Richard Encinias' ("Encinias") Motion to Dismiss [Doc. 29] the counterclaim filed against him by Benjamin Bencomo ("Bencomo"). For the reasons set forth below, the motion is denied.

As stated in this Court's previous Memorandum Opinion and Order [Doc. 20], the complaint filed by Encinias against Officer Martin Salazar ("Salazar) and Bencomo alleges that Bencomo made a report to Salazar containing "false and unreasonable" allegations of felonious assault by Encinias. *Id.* at 2 (citing Complaint at ¶¶ 25, 31, & 33). Encinias claims Salazar then filed a false affidavit in filing false criminal charges, resulting in

Encinias' one-month incarceration. *Id.* (citing Complaint ¶¶ 21, 37, & 38). This was allegedly done because Encinias' ex-girlfriend is Bencomo's present girlfriend and Salazar was spurned by Encinias' sister. *Id.* (citing Complaint at ¶¶ 9 & 16). Bencomo then filed a counterclaim against Encinias alleging the tort of malicious abuse of process.

When ruling on a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), the Court assumes the truth of the "well-pleaded" facts in the complaint and draws reasonable inferences in the light most favorable to the plaintiff. *Phillips v. Bell*, 365 Fed.Appx. 133, 137 (10th Cir. 2010) (unpublished opinion) (citing *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). "This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements." *Id.* (citing *Ashcraft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009)). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts are not required to accept as true a legal conclusion couched as a factual allegation).

"'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted' under Rule 8(a)(2). *Id.* at 137-38 (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, -- U.S.--, 130 S.Ct. 1142 (2010)) (brackets omitted). Pursuant to *Twombly* and *Iqbal*, the standard is whether the plaintiff's allegations, assumed to be true, have set forth a plausible, not speculative, claim for relief. *Twombly*, 550 U.S. at 555.

In his counterclaim, Bencomo alleges:

> [Plaintiff] Encinias initiated this lawsuit against Defendant Bencomo for the improper purpose of harassing and retaliating

> against him for filing a proper police report and testifying in court against Encinias.
>
> As a proximate cause of the Encinias' initiation of this lawsuit in bad faith, Defendant Bencomo has suffered damages which include, but are not limited to, costs and attorney's fees incurred in defending against this lawsuit.
>
> The above-described actions of Encinias in initiating this lawsuit were willful, wanton and in reckless disregard of the rights of Defendant Bencomo and entitle to (*sic*) him to an award of punitive damages.

Answer and Counterclaim [Doc. 23], ¶¶ 4-6.

> Malicious abuse of process is defined by the following elements (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

*Fleetwood Retail Corp. of New Mexico v. LeDoux*, 164 P.3d 31, 35 (N.M. 2007) (citation and internal quotation marks omitted).

The second element, misuse of process, can be shown in one of two ways: "(1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment." *Id.* A plaintiff may proceed under both theories. *Id.* at 38. To prevail on the lack of probable cause, he must prevail on all claims in the underlying lawsuit. *Id.* To prevail on the alternate theory, "recovery by the original plaintiff is not an absolute defense to a malicious abuse of process claim founded on a procedural impropriety." *Id.*

The third element requires a plaintiff to show "that the defendant did more than act with ill will or spite." *Weststar Mortg. Corp. v. Jackson*, 61 P.3d 823, 833 (N.M. 2002).

> The following are typical examples of the improper purposes that could serve as the basis for a malicious abuse of process action: (1) a litigant pursues a claim knowing that it is meritless; . . . (3) a litigant misuses the law primarily for the purpose of harassment or delay; or (4) a litigant initiates proceedings primarily for the purpose of inducing settlement in an unrelated proceeding or for some other form of extortion.

*DeVaeny v. Thriftway Marketing Corp.*, 953 P.2d 277, 287 (N.M. 1997), *abrogated on other grounds by Fleetwood Retail Corp. of New Mexico v. LeDoux*, 164 P.3d 31 (N.M. 2007). As stated by the *Fleetwood* court, "[c]omplaints that assert a multitude of unfounded claims brought in bad faith and for the purpose of harassing a defendant, even though coupled with a valid claim, can constitute a procedural impropriety that will support a malicious abuse of process claim." 164 P.3d at 38.

Having reviewed the allegations in the counterclaim and the applicable law, the Court finds that Bencomo has set forth a plausible claim for relief. He states that the lawsuit was brought for reasons of retaliation and harassment for Bencomo's filing of a charge against Encinias and testifying against him in a court proceeding. He alleges that he has suffered monetary damages and that Encinias' actions were done wilfully and wantonly with a reckless disregard for Bencomo's rights. These allegations comprise the elements of malicious abuse of process and, if proven, "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The allegations are simple, but go beyond the "formulaic recition" the *Twombly* Court cautioned against. *Id.*

Contrary to Encinias' argument that the mere filing a lawsuit is insufficient to state a claim for relief, "[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Richardson v. Rutherford*, 787 P.2d 414,

4

420 (N.M. 1990).  "[A] malicious-abuse-of-process plaintiff attempting to show a lack of probable cause must demonstrate, by the applicable standard of proof, that the opponent did not hold a reasonable belief in the validity of the allegations of fact or law of the underlying claim." *DeVaney*, 953 P.2d at 287.

Regardless of whether Bencomo proceeds under the "lack of probable cause" or "procedural impropriety" theory, he has adequately stated a plausible claim for relief.  The balance of Encinias' arguments all concern the standard of proof and other evidentiary matters that are not relevant at this stage of the proceedings.   Accordingly, the Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that Plaintiff Encinias' Motion to Dismiss Defendant's Counterclaim [Doc. 29] is DENIED.

IT IS SO ORDERED.

                                                Bruce D. Black
                                                Chief United States District Judge